# EXHIBIT 5

MICHAEL COHEN
ATTORNEY AT LAW

LAW OFFICES
OF
MICHAEL COHEN
AT THE
CORTEZ ON THE PLAZA
310 NORTH MESA, SUITE 515
PO BOX 1021
EL PASO, TEXAS 79946

BOARD CERTIFIED
PERSONAL INJURY
TRIAL LAW
TEXAS BOARD OF
LEGAL
SPECIALIZATION

May 26, 2004

**Via Facsimile**
**01152 656 616-90-56**

Robert Loveless
Contracting Office
Consulate General of the
United States of America
Cuidad Juarez, Chih. Mexico

Re: *Sandra Fernandez Iglesias*/Termination and Acquittance of Lease Agreement 4128-861078-OBO

Dear Mr. Loveless:

As you are aware, I represent Sandra Iglesias in regard to the property located in Mexico and leased with the United States of America, lease #4128-861078-OBO. I have done some extensive research into the Civil Code of the State of Chihuahua (Codigo Civil del Estado de Chihuahua). The lease form utilized by the United States clearly states, in Article 16, "the terms of this lease shall be construed in accordance with the local laws governing the site of the premises leased hereunder".

This letter sets forth our position pursuant to Mexican law. Article 2383 indicates a requirement for two months notice to terminate a lease on urban property. Additionally, Art. 2387 states that a tenant is required to pay rent according to the contract with the lease continuing indefinitely. Art. 2328 indicates that the tenant is obligated to pay rent until the last day he returns the property. In light of these facts, it would appear that under the terms of the contract, the United States of America has failed to properly terminate the lease and continues to owe my client rent. Since the U.S. Government has not paid rentals due currently, my client must insist on that the U.S. Government comply with the terms of the lease agreement and Mexican law.

TELEPHONE : (915) 577-0757 FACSIMILE: (915) 577-9918

Robert Loveless
Contracting Office
Consulate General of the
United States of America
May 26, 2004
Page Two

Further, Sandra Iglesias cannot accept the property in a "condition acceptable" without having an inspection performed. Mrs. Iglesias must be satisfied that the condition of the property, therefore it is necessary to conduct the inspection contemporaneously with the date she actually takes possession.

My client is demanding the total sum of $16,200.00 which represents an arrearage (November, 2003 through May 31, 2004) plus two (2) months additional rent for the notice period in the amount of $3,600.00. This amount is only open until May 31, 2004 at which point an additional 30 days will be due. This will continue until this matter is settled. Pursuant to Mexican law, my client is also demanding 20% of the above amount as attorney's fees. This amounts to $3,240.00, also open only until May 31, 2004, at which point $360.00 will accrue every 30 days. This demand is extremely reasonable when one considers that, if one is in arrears on rental payments, the full value of the lease agreement becomes immediately due. In this case, there certainly is an argument that the renewal would be for an additional period of three (3) years.

My client and I are willing to sit down and negotiate the conclusion of this lease with you. If you do not wish to pursue settlement discussions then please accept this letter as a formal claim for the moneys due, being a total of $19,400.00 open until May 31, 2004. Settle this matter by May 31, 2004 or face a claim for three (3) years plus attorney's fees.

I look forward to hearing from you.

Very truly yours,

**Michael Cohen**

MC/bjc
Enclosures

cc: Sandra F. and Arturo Iglesias