# EXHIBIT 11

Subj: **Sandra Iglesias Fernandez**
Date: 11/3/2005 9:45:09 AM Mountain Standard Time
From: Abogadosbaby
To: BoppRW@state.gov
CC: karl.mcelhaney@mail.house.gov, arturo@mobilia.US

Dear Ms. Bopp:

I have heard nothing more from you regarding the unresolved dispute over the Iglesias' Juarez, Mexico property (lease agreement 4128-861078-OBO). You indicated that the Government was as anxious to resolve this dispute as the Iglesias. This does not appear to be the case. My clients are becoming extremely concerned since they are accruing substantial expenses for utilities, repairs, etc. The Government retains possession of the property and has placed my clients in a possession where they are incurring debt daily.

Please contact me as soon as possible. This situation has continued for two years without resolution.

Very truly yours,

Michael Cohen

cc:
Arturo Iglesias
Karl McElhaney

# EXHIBIT 12

MICHAEL COHEN
ATTORNEY AT LAW

# LAW OFFICES OF MICHAEL COHEN

AT THE
CORTEZ ON THE PLAZA
310 NORTH MESA, SUITE 515
EL PASO, TEXAS 79901

BOARD CERTIFIED
PERSONAL INJURY
TRIAL LAW
TEXAS BOARD OF
LEGAL
SPECIALIZATION

**Via email**
**fordh@state.gov**
**Via USPS**
**Via Facsimile**
**011-52-656-611-3600**

Mr. Harrison Ford, Esq.
General Services Officer
American Consulate General
Av. Lopez Mateos 924 Nte.
Cuidad Juarez, Mexico

Post Office Box 10545
El Paso, Texas 79995

Re: *Sandra Fernandez Iglesias/*Termination and Acquittance of Lease Agreement 4128-861078-OBO

Dear Mr. Ford:

I have attached hereto the demand of Mrs. Iglesias-Fernandez pursuant to the CDA and the applicable statues of the *Codigo Civil del Estado de Chihuahua.*

While I am certain, upon first glance, the Department of State may be taken aback by my client's demand, I assure you, when the entire file is reviewed it is not unreasonable.

As you are aware this dispute has remained unresolved for a number of years. On behalf of my clients I have made numerous attempts at resolution with the U. S. Government to no avail. Even after involving a United States Congressman we were met with total silence.

It remains our position that Mrs. Iglesias-Fernandez was never given proper notice of the Consulate's intent to relinquish the property pursuant to the lease agreement. **There was no notice delivered to the Iglesias' place of**

**business.** Even if there had been, that would not constitute proper notice. Further, the Termination and Acquittance of Lease faxed to my office by Robert Loveless on the 26th day of May, 2004 which requires the Landlord to acknowledge the return of the property on the 15th day of April, 2004, is also improper as is the facsimile sent by Roberto Fernandez, Esq. on the 27th day of May, 2004. The lease is clear in regard to the proper method of delivering notice. From that point there was no additional communication until August, 2004. Once my client's written demand was sent we had no further contact from the Consulate or Mr. Fernandez until October, 2005 when Ms. Bopp sent a short email assuring me that "Post" was also anxious to resolve this matter. This was only after intervention from the office of Congressman Reyes. We received our last communication from the State Department in December, 2004. Mr. Fernandez finally responded to my numerous telephone calls in April of this year after persistent emails and telephone calls to the OIG and further intervention from Congressman Reyes. It cannot be disputed that the Consulate had possession and control of the premises during this entire period. From May, 2004 until our meeting with you last month, no attempt whatsoever was made by the U.S. Government to return the property or pay my clients for the rental of the property since October, 2003. This is absolutely shameful.

The attached constitutes my client's written demand under the Contract Disputes Act of 1978 (41 U.S.C. 601-613) as well as applicable Mexican law. My client requests that a decision be rendered within sixty (60) days of your receipt of this claim.

I am certain that we can work together to resolve this long standing dispute. A little interest and communication would certainly go a long way to creating a more temperate environment where Mr. and Mrs. Iglesias are concerned. As we have stated previously, my clients are willing to mediate this matter.

I look forward to hearing from you.

Very truly yours,

Michael Cohen

MC/bjc
Attachment/Enclosure
cc: Sandra and Arturo Iglesias
Congressman Sylvestre Reyes
Dennis Gallagher, Esq.

DEMAND PURSUANT TO CONTRACT DISPUTES ACT OF 1978
(41 U.S.C. 601-613)

TO: Mr. Harrison Ford
Contracting Officer
Consulate General of the
United States of America
Cuidad Juarez, Chih. Mexico
For the Tenant

FROM: Sra. Maria Sandra Fernandez de Iglesias
641 Wild Willow
El Paso, Texas
For the Landlord

Landlord makes this claim, pursuant to the lease of property more particularly described as a house located at Alhondiga de Granadita #7522 subject to Lease No. 4128-861078-FBO, from November 1, 2003, to February 29, 2004, as well as a four month renewal to said lease extending from March 1, 2004 through October 31, 2007. Said lease, pursuant to Article 16, states "the terms of this lease shall be construed in accordance with the local laws governing the site of the premises leased hereunder. This would mean that applicable law of the country of Mexico would be applicable to the calculations associated with this lease of property. Since the United States has failed to comply with the terms of the lease, *i.e.* payment of rentals in advance and proper termination, the following provision of Mexican law should be applied:

Article 2328 *Codigo Civil del Estado de Chihuahua* which dictates that the United States is obligated to pay rent up to the date that possession is relinquished. The United States has failed to formally relinquish possession up to the present day. The issue of what rental amount should be paid would be arguably controlled by Article 2384 wherein the tenant has the right to renew the lease for periods equivalent to the term of the underlying lease. Since proper notice of termination has not been given, it is the landlord's position that the lease should be extended in four (4) month increments with a 10% increase in rental for each renewal. This is a favorable interpretation benefiting the United States since Article 2384 states the 10% increase can accrue every three (3) months. Attached as Exhibit A is a flow sheet which calculates the monthly increases in rent as well as interest accruing at 18%. 18% interest is generally applied by the Mexican courts. Landlord claims a total amount, pursuant to these interpretations of Mexican law, the sum of $506,162.39.

Total due as rental fees - $506,162.39 U.S.D.

Landlord claims, pursuant to Article 7, the Tenant is responsible for the ongoing payment for consumption of water, power, gas, sewage disposal and telephone service. Landlord claims the total sum of $5,231.00

Total due for consumption of utilities - $5,231.00 U.S.D.

Landlord claims, pursuant to Article 16 of Lease No. 4128-861078-OBO and pursuant to Mexican law, 20% in attorney's fees or $102,278.68.

Total due for attorney's fees - $102,278.68 U.S.D.

Landlord claims a total of $613,672.07 U.S.D.

**Total Claim: $613,672.07 U.S.D.**

Landlord requests that a decision be rendered from contractor within sixty (60) days from receipt of this claim.

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

August 13, 2007

Maria Sandra Fernandez de Iglesias
Landlord

STATE OF TEXAS )
COUNTY OF EL PASO )

Before me, the undersigned notary, on this day, personally appeared Maria Sandra Fernandez de Iglesias a person whose identity is known to me. After I administered the oath to her, upon her oath, she said she read the foregoing and the facts stated in it are within her personal knowledge and are true and correct.

Notary Public in and for the
State of Texas

NOTARY PUBLIC STATE OF TEXAS
Billie Jo Cohen
My Commission Expires
07/03/2011

| year | months | Autorized increase | Monthly | 4 months | time to 8/31/2007 months | Int 18% | Total |
|---|---|---|---|---|---|---|---|
| 2003 | Nov-Feb 2004 | 0 | $1,800.00 | $7,200.00 | 46 | $4,968.00 | |
| 2004 | March-June | 10% | $5,231.51 | $20,926.04 | 42 | $13,183.41 | |
| | July- Oct | 10% | $5,754.89 | $23,019.56 | 38 | $13,121.15 | |
| | Nov-Feb 2005 | 10% | $6,330.38 | $25,321.52 | 34 | $12,913.98 | |
| 2005 | March-June | 10% | $6,963.42 | $27,853.68 | 30 | $12,534.16 | |
| | July- Oct | 10% | $7,659.76 | $30,639.04 | 26 | $11,949.23 | |
| | Nov-Feb 2006 | 10% | $8,425.74 | $33,702.96 | 22 | $11,121.98 | |
| 2006 | March-June | 10% | $9,268.31 | $37,073.24 | 18 | $10,009.77 | |
| | July- Oct | 10% | $10,195.14 | $40,780.56 | 14 | $8,563.92 | |
| | Nov-Feb 2007 | 10% | $11,214.66 | $44,858.64 | 10 | $6,728.80 | |
| 2007 | March-June | 10% | $12,336.12 | $49,344.48 | 6 | $4,441.00 | |
| | July- Oct | 10% | $13,569.73 | $54,278.92 | 2 | $1,628.37 | |
| | | | | $394,998.64 | | $111,163.75 | $506,162.39 |
| | Att. Fees | 20% | | | | | $101,232.48 |
| | TOTAL | | | | | | $607,394.86 |

EXHIBIT A