# EXHIBIT 13

*Consulate General*
*of the United States of America*
*Ciudad Juarez, Chih. Mexico*

September 26, 2007

VIA FACSIMILE (915)577-9918 & INTERNATIONAL MAIL
Sra. Maria Sandra Fernandez de Iglesias
641 Wild Willow
El Paso, Texas

Re: Certified Claim Under Contract Disputes Act
Lease No. 4128-861078-OBO

Dear Sra. Fernandez:

This letter responds to your certified claim in the amount of $613,672.07, which was submitted with a letter from your attorney on August 13, 2007. Your claim is premised on the assertion that the above-referenced lease has continued in effect. As set forth herein, it is my decision that the lease terminated on April 15, 2004, and that the rental obligations upon which your claim is premised terminated on that same date.

In response to your claim, I make the following findings of material fact:

1. The United States of America entered into Lease No. 4128-861078-FBO with Sandra Fernandez de Iglesias on October 24, 1997 for a house located at Alondiga de Grandita #7522 in Ciudad Juarez for three years from Nov. 1, 1997 to October 31, 2000 at a rent of U.S. $1800 per month to be paid bi-annually in advance.

2. On November 28, 2000, the lease was extended by mutual agreement to October 31, 2003 at the same rent.

3. On January 9, 2004, the lease was again extended to February 29, 2004 at the same rent by mutual agreement.

4. On February 27, 2004, the U.S. Consulate General in Ciudad Juarez sent you a letter at the address provided in the lease for notices

proposing a final extension of the lease to April 15, 2004 and specifically relying upon Article 14 of the Lease, which as amended by the January 9, 2004 lease extension amendment authorized the Government to terminate the lease for its convenience on 30 days written notice. Article 14 as amended further provides that "[i]f the Tenant terminates in accordance with this clause, the Tenant shall not be liable for any charges additional to those normally incurred up to the date the lease is terminated."

5. In accordance with the February 27, 2004 letter, the Government ceased occupying the leased premises on April 15, 2004. and made an appointment to return the premises to you on that date. You did not keep the appointment and declined to accept checks issued for the rent due on the premises up to April 15, 2004. You also declined to sign documents proffered by the Consulate General formally extending the lease to April 15, 2004 and providing a mutual termination and acquittance of the lease agreement.

6. Subsequently and up to the present, you and your attorney have maintained that the lease obligations continue in force. You have declined to resume custody of the leased premises until your demands are met. Due to your refusal to accept them, the Consulate General has retained the keys to the premises but has at no time resumed occupancy or use of the premises.

Based on the foregoing, it is my determination that the lease terminated in accordance with its terms on April 15, 2004. Your claim for accrued rent is denied except for the unpaid rent for the period from November 1, 2003 to April 15, 2004, which I calculate to be 5 and ½ months at $1800 per month for a total obligation of $9900.

I also conclude that the Government owes Contract Disputes Act interest on this amount from August 23, 2004, when your attorney presented a claim under the Contract Disputes Act for one year's rent ($21,600) plus $4320 in attorney fees. This claim should have been answered within 60 days as required by the Contract Disputes Act and should have been allowed to the extent of the 5½ months' rent stated above. Allowing interest on the $9900 outstanding rent from August 23, 2004 to September 30, 2007 calculated at the rates established biannually by the Department of the Treasury adds $1526.31 to the amounts owed, plus $1.53 for each day after September 30, 2007 until payment is issued.

I also find the Department is liable for any unpaid utilities costs incurred on the premises during the period of Government occupancy ending April 15, 2007. While you have claimed for unpaid utilities in the amount of $5,231.00, you have submitted no supporting documentation that would substantiate this claim or provide information as to when these charges accrued. Accordingly, I cannot determine what quantum may be owed for unpaid utilities up to the date of lease termination.

The Government is therefore liable in the amount of $11,426.31 plus $1.53 per day for each day after September 30, 2007 until payment is issued plus any amount shown to be owing for utilities supplied to the leased premises during the subject lease prior to its termination on April 15, 2004. Please advise where to send payment.

In view of the wide difference between the parties as to the merits of the claim and on basic issues of entitlement and in light of your request for a contracting officer's final decision, it is my determination that alternative dispute resolution as requested by your attorney would not be appropriate at this time. Should you appeal my decision to the Civilian Board of Contract Appeals or the United States Court of Federal Claims, you may renew your request for mediation in either of those fora, both of which have active and effective alternative dispute resolution programs.

I am also obliged to reject your attorney's recent offer that you would accept custody of the property if we first paid the outstanding utility bills. As stated above, we do not accept responsibility for such bills to the extent they accrued after April 15, 2004. I am sending the keys and garage door opener to your attorney by messenger service. We are still willing to participate in an inspection of the property.

Finally, I would note that Exhibit A to your claim includes an unexplained jump in the monthly rent from $1800 per month as provided in the lease to $5,231.51 per month beginning in March 2004. This sudden increase appears inconsistent with the narrative explanation of your claim, which is purportedly based on the tenant's right to renew under the law of the Mexican state of Chihuahua. The figure also appears suspect in that it matches the amount claimed for unpaid utilities. I would call your attention to your certification that your claim is made in good faith and that the supporting data are accurate and complete to the best of your knowledge and

belief. I would further call your attention to Section 604 of the Contract Disputes Act, 41 U.S.C. 604.

This is the final decision of the Contracting Officer. You may appeal this decision to the United States Civilian Board of Contract Appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the United States Civilian Board of Contract Appeals, 1800 F Street, N.W., Washington, D.C. 20405 and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the Civilian Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the Civilian Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely yours,

Harrison Ford
Contracting Officer
United States Consulate General
Ciudad Juarez, Mexico

cc. Michael Cohen, Esq.
310 North Mesa
Suite 515
El Paso, TX 79901